IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL L. GAINES,**

        **Plaintiff,**

        **v.**                            CASE NO. 13-3080-SAC

**J.W. MARTIN, Jr.,**
**et al.,**

        **Defendants.**

### O R D E R

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas. Plaintiff complains about disciplinary action taken against him while he was confined at the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF). The court finds that plaintiff is a three-strikes litigant based upon his litigation history in federal court. Accordingly, Mr. Gaines is required to pay the filing and administrative fees in full up front or this action will be dismissed.

The statutory fee for filing a civil rights complaint is $350.00. There is also an administrative fee for filing each civil action of $50.00. The fees due upon filing thus total $400.00. Plaintiff has submitted an Application to Proceed without Prepayment of Fees (Doc. 2). Section 1915(g) of 28 U.S.C. impacts in forma

1

pauperis applications and provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* The court has examined the prior litigation history of Mr. Gaines and finds that he has, on 3 or more prior occasions, while incarcerated, brought an action that was frivolous or failed to state a claim. The court takes judicial notice of federal court records, which reflect that plaintiff has filed four prior cases in this court that were dismissed for failure to state a claim.[1] Mr. Gaines is therefore designated a three-strikes litigant and required to "pay up front for the privilege of filing. . . any additional civil actions," unless he can show "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Jennings v. Natrona County Detention Center*, 175 F.3d 775, 778 (10th Cir. 1999). None of the facts alleged by plaintiff in his motion or his complaint suggest that he is in imminent danger of serious physical injury. Accordingly, Mr. Gaines may proceed in this action only if he pays the fees up front of $400.00 for filing a civil complaint.

---

[1] The cases identified as the basis for plaintiff's designation as a three-strikes litigant are: *Gaines v. Wilson*, 94-cv-3212-DES (D.Kan. July 25, 1995)(Dismissed for failure to state a claim for relief); *Gaines v. Frasier*, 94-cv-3349-DES (D.Kan. July 26, 1995)(same); *Gaines v. Snodell,* 95-cv-3226-DES (D.Kan. July 25, 1995)(same)(appeal dismissed May 4, 1995); *Gaines v. McKune*, 98-cv-3171-GTV (D.Kan. May 20, 1999)(Dismissed because no claim of constitutional significance is stated), appeal dismissed for lack of jurisdiction (App. No. 99-3207, Nov. 3, 1999).

2

Some of the factual background of plaintiff's claim is mentioned to explain why this action is not construed as a habeas corpus petition. Plaintiff brings this action as a civil complaint and asserts that he was denied due process and equal protection in connection with disciplinary proceedings in April 2011 at the HCF.[2] As the factual basis for his claim, he alleges that his request was improperly denied for production of exculpatory documentary evidence in the form of the videotape of the area at the time the incident occurred. He believed the tape would exonerate him against the charges which included battery and show that the correctional officers involved in the altercation were the aggressors and used unnecessary force. Ordinarily a claim that due process was denied during disciplinary proceedings in which the prisoner was sanctioned with loss of good time credit must be brought in a habeas corpus petition. However, in this case Mr. Gaines already sought and was granted habeas corpus relief on these same facts in state court. He exhibits a Journal Entry from Butler County District Court in which the judge set aside the findings of the DHO from the hearing conducted on April 26, 2011, and ordered a new hearing. (Doc. 1-1) Journal Entry at 15-16. The judge also ordered that forfeited good time and any fines were to be returned to Gaines "pending the rehearing of

---

[2] If plaintiff intended to raise a claim of excessive force, it would likely be time-barred by the two-year statute of limitations applicable to civil rights claims. The incident during which plaintiff claims some defendants battered him and used excessive force occurred in February 2011, which was more than two years prior to execution of the instant complaint.

3

this case." Plaintiff notably does not seek restoration of good time credits in this case, and although his bald claims for relief are not clear, he appears to mainly seek damages and injunctive relief against future similar due process denials.[3] It is thus plain that this action was meant to proceed as a civil rights complaint mainly for damages based on the claim that plaintiff's constitutional rights were violated by defendants. The court expresses no opinion as to the merits of this claim.

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 4). The court is not obliged to rule upon motions in a case in which the filing fee has not been satisfied. Nevertheless, having considered this motion, the court finds it should be denied. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). Instead, the decision whether to appoint counsel lies in the court's discretion. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claims to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). In deciding whether to appoint counsel, the district court should consider the

---

[3] Plaintiff's request for a preliminary injunction is nothing more than that. He baldly asks for this extraordinary relief, but does not allege any facts to establish the requisite elements for its issuance. He does not even suggest what action he would have the court enjoin.

merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims. *Hill*, 393 F.3d at 1115. The court has considered the relevant factors and concludes that plaintiff's motion should be denied at this juncture because it does not appear that his claim has merit. Moreover, he appears capable of presenting facts to support his claim, which is all that is required of the pro se inmate litigant.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is designated a three-strikes litigant, and his application for leave to proceed in forma pauperis (Doc. 3) is denied; he is granted thirty (30) days in which to submit the filing and administrative fees of $400.00; and failure to pay these fees in full within the prescribed time will result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 4) is denied.

**IT IS SO ORDERED.**

Dated this 4th day of June 2013, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**